RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 8/29/11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LLOYD P. CORTEZ (D.O.C. #111072) | DOCKET NO. 11-CV-927; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| BRAD SADDUTH, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Pro se plaintiff Lloyd P. Cortez filed the instant civil rights complaint in forma pauperis and pursuant to 42 U.S.C. §1983. Plaintiff is incarcerated at the J. Levy Dabadie Correctional Center in Pineville, Louisiana. Plaintiff claims that the Grant Parish Sheriff's Office refused to remove a detainer, and he seeks injunctive relief as well as monetary damages. Plaintiff names as defendants Warden Sadduth and the Grant Parish Sheriff's Office.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Factual Allegations

Plaintiff alleges that on January 26, 2011, a detainer was placed on him by the Grant Parish Sheriff's Office due to pending charges that he was arrested for in Grant Parish on November 17, 2010. He states that went to court on all pending charges on February 11, 2011 and was sentenced to ninety days in jail with credit for time served. He claims that the Grant Parish Sheriff's Office is "flatly refusing to recall their detainer from the Department of Corrections." [Doc. #1, p.3-4] He seeks monetary

damages for each day that he is incarcerated beyond his perceived release date of August 17, 2011.

Plaintiff attaches two exhibits – one is an inmate request. The response indicates that the retainer had in fact been lifted, stating, "Taken care of." [Doc. #1, p.5] The second document is the Second Step Response Form, which indicates that the detainer had not been lifted. [Doc. #1, p.6]

### *Analysis*

A review of the Louisiana Automated Victim Notification System – LAVNS website[1] indicates that Plaintiff's custody status is "Out of Custody." The site indicates that Plaintiff is on "general release" with a release date of August 17, 2011. Thus, it appears that the detainer was in fact "taken care of", and Plaintiff was released on the correct day. Plaintiff apparently presumed that the detainer would not be lifted in a timely manner and that he would be held after his release date. That was not the case.

Plaintiff's request for injunctive relief is therefore moot. His request for damages for each day held beyond August 17, 2011, is frivolous as he was released on that date. There being no case or controversy, this action should be dismissed.

### **Conclusion**

Accordingly, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to

---

[1] www.vinelink.com

state a claim for which relief can be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Federal Rule of Civil Procedure 72(b), parties aggrieved by this recommendation have ten (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this 29th day of August, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE